IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK R. LEVY, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-24-3580 |
| HOWARD COUNTY, MARYLAND And HOWARD COUNTY FIRE AND RESCUE SERVICES, | * * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

In this employment discrimination action, Plaintiff Mark R. Levy, a Fire Fighter Paramedic, alleges that his employers, Defendants Howard County, Maryland (the "County"), and the Howard County Department of Fire and Rescue Services (the "Fire and Rescue Department") (collectively, "Defendants"), violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12117, and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-606 *et seq.*, by refusing him reasonable accommodations for his mental health disability over the span of nearly three years from February 2022 to October 2024. *See generally* (ECF No. 2). Specifically, Levy alleges discrimination (Count I), harassment and hostile work environment (Count II), and retaliation (Count III). (*Id.* at 16, 20, 22) He brings each count under both the ADA and MFEPA. (*Id.* at 16, 20, 22)

1

Presently pending are Levy's Motion for Leave to File First Amended Complaint (ECF No. 21; ECF No. 22) and his uncontested Motion for Leave to File a Reply (ECF No. 26).[1] Levy seeks leave under Federal Rule of Civil Procedure 15 to add a fourth count seeking declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. (ECF No. 21 at 1) The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Levy's Motion for Leave to File First Amended Complaint (ECF No. 21; ECF No. 22) and Motion for Leave to File a Reply (ECF No. 26) are GRANTED.

## BACKGROUND

Plaintiff Levy has been employed as a Fire Fighter Paramedic with the Howard County Fire and Rescue Department since October 31, 2016. (ECF No. 2 ¶ 12) At the time he filed this suit, on October 14, 2024, Levy was assigned to Battalion 3, Station 3 in Sykesville, Maryland. (*Id.* ¶ 13) Levy alleges that he has been diagnosed with anxiety and depression since 2002. (*Id.* ¶ 18) He asserts that his assignment to Station 3 is optimal for managing his mental health because the station has a lower call volume than other stations in Battalion 3. (*Id.* ¶ 27) Multiple times in 2022, Levy was reassigned from Station 3 to other stations in the battalion. (*Id.* ¶¶ 47, 52) Each time, he requested that the Fire and Rescue Department allow him to stay at Station 3. (*Id.* ¶¶ 43, 65) He alleges that the Department denied these requests. (*Id.* ¶ 68, 71) He also alleges that the Department retaliated against him by placing him in an administrative position after he sought the accommodation of staying at Station 3. (*Id.* ¶ 57)

---

[1] Levy's Motion for Leave to File a Reply (ECF No. 26) is uncontested and will therefore be GRANTED.

After exhausting his administrative remedies as required by Americans with Disabilities Act, Levy filed this three-count suit in the Circuit Court for Howard County on October 14, 2024. (*Id.*) Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants removed the case to this Court on December 11, 2024.[2] (ECF No. 1) On May 20, 2025, Levy sought, by email, Defendants' consent to amend the Complaint to add a fourth count of declaratory relief. (ECF No. 21-2) In a reply email dated June 6, 2025, Defendants declined to join the motion. (*Id.*) On June 8, 2025, Levy filed the pending Motion for Leave to File First Amended Complaint to add a fourth count pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. (ECF No. 21 at 1) Defendants filed a Response to Levy's Motion on June 24, 2025. (ECF No. 23) Levy filed an uncontested Motion for Leave to File a Reply (ECF No. 26), which includes a memorandum of law replying to Defendants' Response (ECF No. 23). The matter is ripe for review.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint once "as a matter of course at any time before a responsive pleading is served," "by leave of court," or "by written consent of the adverse party." In general, district courts should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Lanford v. Prince George's Cnty.*, 199 F. Supp. 2d 297, 300 (D. Md. 2002) (applying Rule 15(a)). The United States Court of Appeals for the Fourth Circuit has noted that "this liberal rule gives effect to the

---

[2] This Court has original federal question jurisdiction over Levy's case as his claims arise under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12117. *See* 28 U.S.C. § 1331; *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

3

federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.")). As such, a district court has broad discretion to grant leave to amend. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011) (quoting *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010)). The district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr.*, 602 F.3d at 603 (citing *Laber*, 438 F.3d at 426). As relevant here, an amendment is futile if it would not survive a motion to dismiss. *See, e.g.*, *401 N. Charles, LLC v. Sonabank*, No. RDB-17-0872, 2018 WL 6570680, at *2 (D. Md. Dec. 13, 2018) (citing *Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018)); *Tawaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 769 (D. Md. 2010) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). The Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff

in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## ANALYSIS

In his proposed First Amended Complaint (ECF No. 21-4), Levy seeks to add a fourth claim for declaratory relief pursuant to § 2201 of the Declaratory Judgment Act. Specifically, Levy seeks declarations that he is a qualified individual with a disability and can perform the essential functions of his job with a reasonable accommodation. (*Id.* at 28) He also seeks declarations that Defendants have an obligation to engage in the interactive process and explore reasonable alternatives and to grant Levy a reasonable accommodation. (*Id.*) In their Response, Defendants argue that the Motion should be denied as futile. (ECF No. 23 ¶¶ 6–12) They make boilerplate assertions that Levy's proposed First Amended Complaint lacks any facts which would support declaratory relief. (*Id.* ¶ 8) They also argue that the ADA does not allow Levy to seek declaratory relief. Of note, Defendants do not argue that they would be prejudiced by the amendment or that Levy requests leave to amend in bad faith. As such, the Court only analyzes whether granting leave to amend the Complaint would be futile.

Levy's First Amended Complaint, which adds a count seeking declaratory relief, would not be futile for two reasons. First, the ADA plainly allows plaintiffs to seek declaratory relief. *See Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2019) (discussing standing requirements for declaratory relief under the ADA); *see also Equal Rts. Ctr. v. Abercrombie & Fitch Co.*, 767 F. Supp. 2d 510, 529 (D. Md. 2010) (finding standing for plaintiffs seeking declaratory relief under the ADA). Second, Levy's First Amended Complaint would not be futile because it would survive a motion to dismiss. The Declaratory Judgment Act provides

5

that where an "actual controversy within its jurisdiction" exists, "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). As the Fourth Circuit has noted, if the complaint alleges an actual controversy between the parties and the district court possesses an independent basis for jurisdiction, the court has discretion to exercise jurisdiction over the declaratory judgment claim. *See also Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952) (explaining that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

Here, Defendants do not contest that there is an actual controversy between the parties and that the Court has original jurisdiction over the claims under the ADA. As such, the Court has wide discretion to hear the declaratory judgment claim. Defendants' boilerplate argument that the claim for declaratory relief fails to state facts entitling Levy to equitable relief is legally flawed. The only requirements for jurisdiction in the Declaratory Judgment Act are the existence of an actual controversy and an independent basis for jurisdiction. 28 U.S.C. § 2201; *see also Volvo Constr.*, 386 F.3d at 592. Once met, the decision to hear a claim for declaratory

relief is firmly within the district court's discretion.[3] *Wilton*, 515 U.S. at 286. Therefore, Levy's Motion for Leave to File First Amended Complaint (ECF No. 21) is GRANTED.

## CONCLUSION

For the reasons stated above, it is this 8th day of December, 2025, hereby ORDERED that Levy's Motion for Leave to File First Amended Complaint (ECF No. 21; ECF No. 22) is GRANTED.

/s/
Richard D. Bennett
United States Senior District Judge

---

[3] At this stage, the Court does not engage in a full Rule 12(b)(6) analysis of Levy's claim for declaratory relief. District courts in this circuit recognize that dismissal of a declaratory judgment action is rarely appropriate. *See, e.g.*, *Brown Thomas v. Hynie*, 412 F. Supp. 3d 600, 606 (D.S.C. 2019) (quoting *Palmer v. Audi of Am., Inc.*, No. GJH-14-03189, 2015 WL 222127, at *2 (D. Md. Jan. 13, 2015)). Nevertheless, Defendants may still move for dismissal of Levy's Amended Complaint.