## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK R. LEVY, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-24-3580 |
| HOWARD COUNTY, MARYLAND, | * | |
| and HOWARD COUNTY FIRE AND | | |
| RESCUE SERVICES, | * | |
| *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

In this employment suit, Plaintiff Mark R. Levy ("Plaintiff" or "Levy") alleges that his employer, Defendants Howard County, Maryland, and the Howard County Department of Fire and Rescue Services (the "Department") (collectively, "Defendants"), violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12117, and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-606 *et seq.*, by refusing him allegedly reasonable accommodations for a mental health disability from February 2022 to October 2024. *See generally* (ECF No. 2). This Court previously granted Levy's Motion for Leave to File Amended Complaint (ECF No. 21) by Memorandum Order on December 8, 2025. (ECF No. 40.) Accordingly, in the operative First Amended Complaint, Levy alleges discrimination (Count One), harassment and hostile work environment (Count Two), and retaliation (Count Three) pursuant to both the ADA and the Maryland Fair Employment Practices Act. *See generally* (ECF No. 41). He also seeks declaratory relief pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–2202, in Count Four. (*Id.*)

1

Now pending is Defendants' Partial Motion to Dismiss. (ECF No. 44.) Defendants seek dismissal solely of Count Four, Levy's claim for declaratory relief. (*Id.*) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Defendants' Partial Motion to Dismiss is GRANTED. Count Four of Levy's First Amended Complaint is DISMISSED.

## BACKGROUND

### I.     Factual History

At the motion-to-dismiss stage, the Court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Unless otherwise noted, facts herein are drawn from Levy's First Amended Complaint (ECF No. 41) and are taken as true solely for the purpose of deciding this Motion (ECF No. 44).

Plaintiff Mark R. Levy has been employed as a Fire Fighter/Paramedic with Defendant Howard County Department of Fire and Rescue Services since October 31, 2016. (ECF No. 41 ¶ 12.) Levy alleges that he has been diagnosed with anxiety and depression since 2002. (*Id.* ¶ 18.) As of December 8, 2025, the date Levy filed his First Amended Complaint in this Court, he was assigned to B Shift at Station 3, which is within Battalion 3 of the Howard County Department of Fire and Rescue Services. (*Id.* ¶ 13.) Station 3 is located at 12535 Old Frederick Road in Sykesville, Maryland. (*Id.*) He asserts that Station 3 has a lower call volume in

comparison to other stations within the battalion. (*Id.* ¶ 27.) He claims that this lower call volume is the optimal assignment for him to be able to manage his mental health. (*Id.*)

Levy alleges that, on multiple different occasions in 2022, he was reassigned from Station 3 to other stations within Battalion 3. (*Id.* ¶¶ 36, 40, 52.) Each time, the Department apparently denied his requests to remain at Station 3. (*Id.* ¶¶ 43, 65.) Levy claims that the Department determined, without engaging in any interactive process, that he did not need a reasonable accommodation. (*Id.* ¶ 62.) Ultimately, after multiple reassignments, Levy was placed at Station 3 under a Temporary Hardship Request. (*Id.*) He contends that the Temporary Hardship Request was "wholly improper and simply an attempt by Defendants to circumvent" the ADA's accommodation obligations. (*Id.* ¶ 63.) From the face of the First Amended Complaint, Levy continues to work as a Fire Fighter/Paramedic for the Department.

## II.    Procedural History

On January 12, 2023, Levy filed claims of discrimination, harassment, and retaliation based on disability with the Maryland Commission on Civil Rights. (ECF No. 21-3 ¶ 8.) He cross-filed those claims with the United States Equal Employment Opportunity Commission ("EEOC").[1] (*Id.*) The EEOC issued Levy a Notice of Right to Sue on July 16, 2024.[2] (*Id.* ¶ 11.) On October 14, 2024, he filed a three-count lawsuit in the Circuit Court for Howard County, Maryland. *See* (ECF No. 2). In Count One, he alleged discrimination under both the ADA and the Maryland Fair Employment Practices Act. (*Id.* ¶¶ 75–94.) In Count Two, he

---

[1] The charge numbers for Levy's administrative complaints at the Maryland Commission on Civil Rights and EEOC were 2301-0026 and 12F-2023-00217, respectively. (ECF No. 21-3 ¶ 8.)

[2] It is uncontested that Levy exhausted his administrative remedies as required by the ADA.

alleged harassment and hostile work environment under the same statutes. (*Id.* ¶¶ 95–107.) In Count Three, he alleged retaliation, again under the ADA and Maryland Fair Employment Practices Act. (*Id.* ¶¶ 108–31.) On December 11, 2024, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.[3] (ECF No. 1.) On June 8, 2025, Levy filed a Motion for Leave to File First Amended Complaint, which sought to add a fourth count pursuant to the Declaratory Judgment Act. (ECF No. 21.) Defendants responded in opposition to the Motion and raised two arguments for denial of leave. (ECF No. 23.) First, they claimed that Levy's proposed fourth count would be futile because it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*Id.* ¶ 7.) As to that argument, Defendants specifically claimed that the proposed First Amended Complaint lacked sufficient facts to state a plausible claim. (*Id.* ¶ 7.) They also argued that the ADA does not permit relief pursuant to the Declaratory Judgment Act.[4] (*Id.* ¶¶ 8–10.)

On December 8, 2025, this Court entered a Memorandum Order granting Levy's Motion for Leave to File First Amended Complaint. (ECF No. 40.) The Court explained that the ADA does permit declaratory relief. (*Id.* at 5 (citing *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2019); *Equal Rts. Ctr. v. Abercrombie & Fitch Co.*, 767 F. Supp. 2d 510, 529 (D. Md. 2010)).) The Court also explained that the requirements in § 2201(a) of the Declaratory Judgment Act were met in this case because there was an actual controversy between the parties and the Court had jurisdiction over the case pursuant to the ADA. (*Id.* at

---

[3] This Court has original federal question jurisdiction over Levy's three-count complaint as it arises under the ADA. *See* 28 U.S.C. § 1331.

[4] To be clear, the two arguments that Defendants raise in this Partial Motion to Dismiss (ECF No. 44) are not repetitive of the two arguments raised in the opposition to Levy's Motion for Leave to File First Amended Complaint (ECF No. 23).

5–6.) Notably, however, the Court stated that it was "not engag[ing] in a full Rule 12(b)(6) analysis of Levy's claim for declaratory relief" and that Defendants could still move for dismissal. (*Id.* at 7 n.3.)

Levy filed the operative four-count First Amended Complaint on December 8, 2025. (ECF No. 41.)On January 14, 2026, Defendants filed the pending Partial Motion to Dismiss, seeking dismissal only of Count Four. (ECF No. 44.) Levy filed a Response in Opposition on January 28, 2026. (ECF No. 53.) Defendants did not file a Reply.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "A Rule 12(b)(6) motion tests the sufficiency of a complaint; it does not, however, 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To survive such a motion, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under this plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). It must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts

is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678. In other words, the factual allegations in the complaint, taken as true, must "permit the court to infer more than the mere possibility of misconduct" by the defendant. *Id.* at 679.

## ANALYSIS

Count One of Levy's First Amended Complaint alleges disability discrimination pursuant to the ADA and Maryland Fair Employment Practices Act. (ECF No. 41 ¶¶ 75–94.) Count Four seeks declaratory relief pursuant to the Declaratory Judgment Act. (*Id.* ¶¶ 132–36.) Levy seeks four specific declarations in Count Four. (*Id.* at 28.) First, he seeks a declaration that he is a qualified individual with a disability; second, that he can perform the essential functions of his job with a reasonable accommodation; third, that Defendants have an obligation to engage in the interactive process and explore reasonable alternatives; and, fourth, that Defendants have an obligation to grant him a reasonable accommodation. (*Id.*) In the pending Partial Motion to Dismiss (ECF No. 44), Defendants seek dismissal of Count Four. They raise two arguments for dismissal. First, Defendants argue that Levy has impermissibly invoked the Declaratory Judgment Act as an independent cause of action. (*Id.* at 3–4.) Second, they argue that Count Four must be dismissed because it is duplicative of Levy's ADA discrimination claim raised in Count One. (*Id.* at 4.)

Under the DJA, a federal court has broad discretion to hear or dismiss claims for declaratory relief in any case of actual controversy over which the court has independent (for example, federal question or diversity) jurisdiction. *See* 28 U.S.C. § 2201(a); *Volvo Const. Equip.*

6

*N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004) (internal citations omitted). As further explained below, the Court concludes that Count Four fails to state a claim because it the Declaratory Judgment Act is not an independent cause of action but merely provides a remedy. Alternatively, Count Four is duplicative of Count One. Therefore, Defendants' Partial Motion to Dismiss (ECF No. 44) will be GRANTED as to Count Four.

To begin, the DJA does not create an independent cause of action but rather provides an alternative remedy "for cases otherwise within [a federal court's] jurisdiction."[5] *See Elec. Motor & Contracting Co. v. Travelers Indem. Co. of Am.*, 235 F. Supp. 3d 781, 793 (E.D. Va. 2017) (citing *Seized Prop. Recovery Corp. v. U.S. Customs & Border Prot.*, 502 F. Supp. 2d 50, 64 (D.D.C. 2007)); *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001) ("[A] request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . . substantive counts.") In this case, Levy has attempted to plead declaratory relief as a separate cause of action in Count Four. That is clearly not permitted. Accordingly, Count Four is DISMISSED.

In the alternative, Defendants would also be entitled to dismissal of Count Four because it is duplicative of Levy's ADA discrimination claim in Count One. "'When declaratory relief would be duplicative of claims already alleged, dismissal is warranted.'" *Chevron U.S.A. Inc. v. Apex Oil Co., Inc.*, 113 F. Supp. 3d 807, 824 (D. Md. 2015) (quoting *Sharma v. OneWest Bank, FSB*, No. DKC-11-834, 2011 WL 5167762, at *6 (D. Md. Oct. 28, 2011)). To

---

[5] For the purposes of the Declaratory Judgment Act, a case is "otherwise within [a federal court's] jurisdiction" if the court has independent subject matter jurisdiction (for example, federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332) over the case. *See Elec. Motor.*, 235 F. Supp. 3d at 793; *Volvo Const. Equip.*, 386 F.3d at 592.

succeed on his claim of ADA discrimination in Count One, Levy must show that (1) he has a disability; (2) that he is a "qualified individual" for his employment; and (3) that Defendants took adverse employment action against him because of his disability. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (internal quotations and citation omitted). As noted above, Levy seeks declarations in Count Four that (1) he is a qualified individual with a disability; (2) that he can perform the essential functions of his job with a reasonable accommodation; (3) that Defendants have an obligation to engage in the ADA's interactive process with him and explore reasonable alternatives; and (4) that Defendants have an obligation to grant him a reasonable accommodation. (ECF No. 41 at 28.)

These requested declarations are plainly duplicative of the elements of the prima facie case of discrimination under the ADA. Specifically, Levy's first two proposed declarations map squarely onto the first two elements of the prima facie case. They also match allegations that Levy makes in his First Amended Complaint. (ECF No. 41 at 2.) To be clear, it is Levy's burden in this case of proving that he is a qualified individual with a disability and that, with a reasonable accommodation, he would be able to properly do the job of a Fire Fighter/Paramedic at Station 3. *See Jacobs*, 780 F.3d at 572. It is self-evident that if the Court were to award Levy his requested declaratory relief, such relief would be tantamount to a determination by the Court that Levy is successful on his ADA discrimination claim. This is, by nature, duplicative. It is also an improper use of the declaratory remedy. As Defendants note in their Partial Motion (ECF No. 44 at 4), "[d]eclaratory judgments are not meant simply to proclaim that one party is liable to another." *Johnson v. McCuskey*, 72 F. App'x 475, 478 (7th Cir. 2003) (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553–54 (Fed. Cir. 1994)

(en banc)). The same analysis follows with respect to Levy's third and fourth requested declarations, which go to the heart of his claim in the First Amended Complaint that Defendants failed to accommodate him. *See* (ECF No. 41 at 2.) Again, it is Levy's burden to prove that he was entitled to the ADA's interactive process and, ultimately, a reasonable accommodation.[6] In sum, the four declarations that Levy requests in Count Four render that claim duplicative of Count One. The Court has broad discretion to dismiss the claim, *see Volvo Const. Equip.*, 386 F.3d at 592, and will do so.

## CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss (ECF No. 44) is GRANTED. Count Four of Levy's First Amended Complaint (ECF No. 41 ¶¶ 132–36) is DISMISSED.

A separate Order follows.

Date: April 28, 2026

/s/
_____
Richard D. Bennett
United States Senior District Judge

---

[6] The Court notes that "the burden of requesting an accommodation is light." *Kelly v. Town of Abingdon*, 90 F.4th 158, 167 (4th Cir. 2024). This rule renders the declarations requested in Count Four all the more duplicative of Count One.